## Case No. 5,078a.

FREEBORN et al. v. The FALCON.

[23 Betts, D. C. MS. 110.]

District Court, S. D. New York.[1]

---

[1] [The date is not given in the original manuscript. 23 Betts, D. C. MS. includes cases from January, 1857, to January, 1859.]

BETTS, District Judge. The libellants set up a lien upon the ship for $3,355.05, the amount of a bill of sheathing metal sold by them to the owner and applied to the vessel in this port in the winter of 1857. She was a domestic vessel refitting in her home port for service as a tug and freighter in the coasting trade. The fact that the materials were furnished by order of the owner of the steamer at the place and times and at the prices charged by the libellants, and also that the balance demanded in this action is due and unpaid, is not denied by the answer. The defence is placed upon the denial that the term of credit has yet expired, and also that the libellants acquired a lien for the debt, and further that if one was primarily created, the claimants assert that it was lost to the libellants by the departure of the vessel from this state before service of process in this cause was made. The owner of the ship became avowedly insolvent after the contract with the libellants was entered into, and the evidence conduces strongly to prove that he was so when he purchased the materials supplied the ship. At all events, there is no reliable proof that he had credit in the market at that time upon which he could have made the purchase. The sheathing was sold on a credit of six months, to be secured by negotiable paper, and after the metal had been delivered the libellants applied twice at the owner's place of business for the paper, but, before the owner could be seen personally, he assigned the ship, with the residue of his property, to the claimants for the benefit of his creditors, and then refused to give other than his individual obligation for the debt, alleging that the libellants agreed to receive his promissory note payable in six months in satisfaction of the sale. He was examined as a witness in behalf of the claimants on the hearing, and testified that he never engaged to give any further security for the undertaking than his individual note. The clear weight of evidence is with the libellants on that point, and shows that the credit of six months agreed to in the sale was on condition that satisfactory paper to secure the debt should be furnished by the purchaser, and that when called for by the libellants the owner offered his own note alone and

refused to give an endorser, or other security of a reasonably satisfactory character. The original sales books of the libellants were also produced, and proved the sheathing, as delivered by them, was charged to the steamship, and not to the owner alone. I have no doubt upon the proofs that the purchase price was originally a lien upon the vessel, and that the failure of the owner to fulfil the condition of his credit rendered the debt payable instanter, and that accordingly the action has not been instituted prematurely.

The other branch of the defence is equally unsustainable, which is that the lien was discharged by the departure of the steamer twice from this port before suit brought upon the lien. She first left the port at 9 a. m. on Sunday morning, and ran outside the Hook merely on a trial trip, to make proof of the sufficiency of her machinery, and ascertain whether she was in condition for the business of towage, to which she was destined. She required and received additional work upon her machinery on or after the trial excursion. The next time she went out of the port was secretly on Sunday night, at half past 12 o'clock. She took out no tow or passengers or cargo, and returned within a day or two, about the 9th of March, and was arrested in this action the 18th. The application of the libellants for the paper engaged to be furnished them had been made repeatedly at the owner's office, down to the time of her departure, and they had no notice she was intending or prepared to leave the port immediately. Neither of these acts of the ship can avail as a discharge of the lien. Each was done under circumstances preventing the libellants intercepting her departure, the first being on a day when no process for her arrest could be obtained or employed, and the second, if not so absolutely dies non juridicus, was secretly, and at dark of night, and palpably in fraud of the rights of the libellants, and therefore void as a defence to the action upon the lien. The Joseph E. Coffee [Case No. 7,536].

Decree for libellants for $3,355.05 and costs.